REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have inquired as to the constitutionality of a portion of an amendment which you propose to offer which would amend the standing committee amendments to L.B. 120. The proposed amendment has two sections, the first dealing with that portion of L.B. 120 dealing with logo signs, and the second dealing with that portion of L.B. 120 which concerns itself with payment for advertising signs. You specifically ask about the constitutionality of the second part only, therefore, we make no comment at this time whether paragraph 1 of your amendment dealing with logo signs would be constitutional or unconstitutional.
The second portion of your amendment, deals with a definition of `just compensation' for specific kinds of signs. It amends paragraph 3 of the committee amendment, which paragraph deals with nonconforming signs erected between April 16, 1982, and the effective date of L.B. 120 as amended. Your proposed amendment would add that `just compensation' would include severance damage and damage to the remainder of the owner's business or property rights and interests. We interpret this language to be broader than that contained in Neb.Rev.Stat. § 76-710.01 (Reissue 1981), which provides for severance damages. Section 76-710.01 limits severance damages to those caused by the severance of property from the whole of such property, in light of the operation of the property as a going concern after the taking. This provision is often referred to as the one providing damages for the economic effect upon the property. But it still does relate to property.
We believe that your language providing for severance damage and damage to the remainder of the owner's business or property rights and interests is much broader than that, since it can include matters other than tangible property. The value of a going business is often based on how good its management has been. Therefore, we believe that the definition in your amendment can be construed to entitle those whom it is designed to benefit to greater compensation than other condemnees who are not covered thereby.
For example, this amendment only applies to nonconforming signs erected between April 16, 1982, and the effective date of this act. But Neb.Rev.Stat. § 39-1320.01
(Reissue 1978) which is affected by L.B. 120, also provides for acquisition of nonconforming signs erected prior to March 27, 1972, and signs erected after March 27, 1972, which become nonconforming after being erected. Your amendment, therefore, gives a different and broader `just compensation' to certain owners of nonconforming signs, but not to others. This would appear to violate Neb. Const., art. III, § 18 dealing with local and special laws. We are unable to see any basis for a classification which would grant an exclusive privilege, immunity or franchise to the one, but not the other. In State ex rel. Rogers v. Swanson,192 Neb. 125, 219 N.W.2d 796 (1974), the court said at page 137:
 "The legislature may make a reasonable classification of persons, corporations, and property for purposes of legislation concerning them, but the classification must rest upon real differences of situation and circumstance surrounding the members of the class relative to the subject of legislation which render appropriate its enactment.
 The legislature may legislate in regard to a class of persons, but it cannot take what may be termed a natural class of persons, split that class into, and then arbitrarily designate the dissevered fractions of the original unit as two classes and enact different rules for the government of each."
We are unable to perceive any distinction between the classes which this amendment would create and, therefore, believe that it would constitute local or special legislation.
Very truly yours, PAUL L. DOUGLAS Attorney General Warren D. Lichty, Jr. Assistant Attorney General